

UNDER SEAL

FILED 08 FEB '22 17:13 USDC-ORP

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **3:22-cr-___34___mo___** |
| v. | **INDICTMENT** |
| **GREGORY WILLIAMS,** | **18 U.S.C. § 1014** |
| Defendant. | **Forfeiture Allegation** |
| | **UNDER SEAL** |

## THE GRAND JURY CHARGES:

## INTRODUCTORY ALLEGATIONS

At all times relevant to this Indictment:

1.    **GREGORY WILLIAMS** ("**WILLIAMS**"), defendant herein, was the majority owner, registered agent, and principal corporate officer of Swag'r Digital Media, Inc. ("Swag'r"), a digital advertising venture. **WILLIAMS** and Swag'r shared a common address: a residential condominium at 1025 NW Couch Street in Portland, Oregon.

2.    **WILLIAMS** registered Swag'r as a domestic business corporation with the Oregon Secretary of State on or about March 4, 2013, but the entity's registration was administratively revoked on or about May 3, 2018.  Swag'r never filed any annual unemployment tax returns (IRS Forms 940), quarterly income tax returns (IRS Forms 941), or

**Indictment**

Revised April 2018

corporate income tax returns (IRS Forms 1120) with the IRS or the Oregon Department of

Revenue for tax years 2019 through 2021.  The company also filed no IRS Forms W-2 or 1099

reporting any payroll for employees or contractors during that three-year period.

The CARES Act and the Paycheck Protection Program

3.      On March 27, 2020, President Trump signed the Coronavirus Aid, Relief, and

Economic Security  Act into law.  That statute created the Paycheck Protection Program ("PPP"),

which authorized the Small Business Administration ("SBA") to guarantee loans of up to

$10,000,000 to qualifying employers without collateral or personal guarantees from the

borrowers or their owners.  The Act required lenders making loans under the PPP to defer all

repayment obligations for not less than six months and provided that the loans could be

forgiven—that is, repaid by the government—if used for certain qualifying purposes, including

making payroll.

4.      In order to obtain a PPP loan, an applicant's authorized representative was

required to provide information about the applicant's operations, such as its date of

establishment, number of employees, and average payroll expenses.  The latter figures were used

to calculate the size of the PPP loan an applicant was eligible to receive.

5.      Applicants for PPP loans were also generally required to submit documents

corroborating their qualifying payroll expenses.  To satisfy this requirement, applicants typically

supplied records showing the amount of payroll expenses and tax withholdings reported to the

IRS.

6.      The authorized representative of each PPP loan applicant was also required to

make various certifications, including the following:

**Indictment**                                                                                              **Page 2**

    a.   That all loan proceeds would "be used to retain workers and maintain payroll or make mortgage payments, lease payments, and utility payments"; and

    b.   That all the information in the application and the information "provided in all supporting documents" was true and accurate in all material respects.

7.    Bank of America, National Association ("BofA") was a lender participating in the PPP.  Its deposits were insured by the Federal Deposit Insurance Corporation ("FDIC").

## COUNT 1
## (Loan Fraud)
## (18 U.S.C. § 1014)

8.    The allegations in paragraphs 1 through 7 of this Indictment are incorporated as though realleged herein.

9.    On or about April 7, 2020, in the District of Oregon and elsewhere, **GREGORY WILLIAMS**, defendant herein, knowingly and willfully made a false statement for the purpose of influencing the action of BofA, a federally insured financial institution, in connection with application number 4106518909 for a PPP loan in the amount of $163,312, in that defendant completed and attested to the accuracy of said application submitted on behalf of "Swag'r Digital Media Inc.," wherein defendant made the following representations:

    a.   That the applicant's "Average Monthly Payroll" was $80,000;

    b.   That the applicant's "Number of Employees" was 9;

    c.   That the applicant's IRS Form 941 for the first quarter of 2020, which was submitted in support of the application and bore defendant's signature dated April 13, 2020, accurately reported to the IRS that the applicant had paid 9 employees a total of $175,875 in "wages, tips, and other compensation" for said quarter; and

**Indictment**

**Page 3**

    d.   That the applicant's IRS Form 940 for tax year 2019, which was submitted in

support of the application and bore defendant's signature dated April 13, 2020,

accurately reported to the IRS that the applicant had paid $703,500.12 to all

employees in 2019,

when defendant then and there knew that each such representation was false.

In violation of Title 18, United States Code, Section 1014.

## FORFEITURE ALLEGATION

10.    Upon conviction of the offense alleged in Count 1 of this Indictment, defendant

**GREGORY WILLIAMS** shall forfeit to the United States pursuant to 18 U.S.C.

§ 982(a)(2)(A), any property constituting or derived from proceeds defendant obtained, directly

or indirectly, as a result of the offense, including but not limited to a sum of money equal to

$163,312.00 in United States Currency, representing the amount of proceeds obtained as a result

of the offense in the form of a money judgment.

11.    If the above-described forfeitable property, as a result of any act or omission of

defendant:

    (a)  cannot be located upon the exercise of due diligence;

    (b)  has been transferred or sold to, or deposited with, a third party;

    (c)  has been placed beyond the jurisdiction of the court;

    (d)  has been substantially diminished in value; or

    (e)  has been commingled with other property which cannot be divided without difficulty;

/ / /

/ / /

**Indictment**                                            **Page 4**

the United States of America shall be entitled to forfeiture of substitute property pursuant to 21

U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b).

Dated: February __8__, 2022

A TRUE BILL.

OFFICIATING FOREPERSON

Presented by:

SCOTT ERIK ASPHAUG
United States Attorney

RYAN W. BOUNDS, OSB #00012
Assistant United States Attorney